# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**vs.**                                          **CRIMINAL ACTION NO. 3:21-CR-033-DJH**

**VARANISE C. BOOKER**                                                 **DEFENDANT**

## ORDER FOLLOWING STATUS CONFERENCE

This matter came before the undersigned on September 1, 2021, for a Status Conference. Christopher C. Tieke and Lettricea Jefferson-Webb, Assistant United States Attorneys, were present on behalf of the United States, and Defendant Varanise C. Booker was present with retained counsel, Scott C. Cox. The official court reporter was Becky Boyd.

The Court and counsel discussed the procedural posture of the case. The Parties advised the Court that Defendant has negotiated a new potential resolution of her charges in the Western District of Pennsylvania that her counsel believes is more favorable than the prior potential resolution discussed of the instant charges. The Parties requested an additional thirty days to further discuss potential resolution of this case. The Court indicated that while it would grant an additional thirty day continuance today, it would not continue to grant continuances *ad naseum*. The Court warned the Parties that this case needs to proceed forward regardless of the manner in which it does so. Based on the discussion during the conference, and the Court being otherwise sufficiently advised,

      **IT IS HEREBY ORDERED** as follows:

      1.    This matter is **CONTINUED to October 4, 2021, at 10:30 a.m., for a further Status Conference**, before the Honorable David J. Hale, United States District Judge, at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

2. The time between **September 1, 2021**, and **October 4, 2021**, is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(i). The Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, due to the need for time for the parties to continue their discussions as to a potential resolution in this matter and for defense counsel to otherwise counsel the Defendant. 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(i). The Court **HOLDS** that the continuance is not made for the purpose of undue delay, nor is this continuance granted "because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

3. The Defendant shall remain under the terms and conditions of her present bond.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of Record
United States Probation

Court Reporter: Becky Boyd

Time: 00/10    September 2, 2021