UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 3:21-CR-00033-DJH<br>*Filed Electronically* |
| **VARANISE C. BOOKER** | DEFENDANT |

### UNITED STATES' SENTENCING MEMORANDUM

Pursuant to the plea agreement between the United States and defendant Varanise C. Booker ("Booker"), the United States recommends that Booker be sentenced to probation for a term determined at the Court's discretion, be ordered to pay a fine in the amount of $2,000, and be ordered to pay restitution in the amount of $1,499,600 as she agreed to do. The United States does not intend on calling any witnesses at the sentencing hearing. Further, the United States is not aware of any victims who want to speak at sentencing. If any victim expresses a desire to speak at sentencing, the United States will inform the Court and defense counsel.

### I. PLEA AGREEMENT

On October 18, 2021, Booker pled guilty to Count 1 of the Superseding Information. (Plea Agreement, DN 28). Count 1 charged Booker with unlawful distribution and dispensing of controlled substances – Schedule IV in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(2) (*Id.*).

Under the Plea Agreement, which was made pursuant to Rule 11(c)(1)(A) and (B), the United States agreed to recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law. (Plea Agreement, DN 28). In addition, the United States agreed to recommend a fine at the lowest end of the applicable guideline range. (*Id.*). The United States further agreed to recommend

a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a), provided Booker does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.[1]  Booker also agreed to pay restitution in the amount of $1,499,600.  She further agreed not to seek reinstatement of her medical license and will agree to not practice medicine in the United States for a period of five years from November 2, 2020 and will make all arrangements with the Kentucky Board of Medical Licensure to ensure her compliance with this term.  (*Id*.).  The United States will also move at sentencing to dismiss the original Information filed in this case.  (*Id*.).

## II. OFFENSE CONDUCT

The United States agrees with the underlying offense conduct specific to Booker, as set forth in the United States Probation Office's ("USPO") final Presentence Investigation Report ("PSR").  (PSR, DN 28 at ¶¶ 10-16).

Booker was an individual physician with a medical specialty as a Psychiatrist and was the owner of Family & Children Behavior Health Services which began in 2009 until it shut down in October 2016. (PSR, DN 28 at ¶ 11).    Booker then began working at Associates in Behavioral Health, PSC. (*Id*.).  H.A. was a patient of Booker from October 2014 until December 2016.  (*Id.* at ¶ 12).  During this time, Booker knowingly and intentionally distributed and dispensed, and caused to be distributed and dispensed, Clonazepam, a Schedule IV controlled substance, to patient H.A. (among other patients) without a legitimate medical purpose and outside of the usual course of professional medical practice.  (PSR, DN 28 at ¶¶ 12-14).

---

[1] As noted in the PSR and in financial information recently provided to the United States by Booker as required by Paragraph 9 of the Plea Agreement, in September 2021, Booker transferred 3 properties to her family members for a nominal value.  As part of her continued acceptance of responsibility, it is the United States' understanding that Booker has agreed to unwind these transactions and have the properties transferred back into her name.

## III. GUIDELINES CALCULATION

The United States agrees with the USPO's calculation of the total offense level of 8 as cited in the final PSR. (PSR, DN 28 at ¶ 20-29).

Under 18 U.S.C. § 3553(f), the United States agrees that the Court may find that the Safety Valve provision under § 5C1.2 applies and that the total offense level should be reduced by 2 levels pursuant to § 2D1.1(b)(18). (PSR, DN ## at ¶ 70, 85).

With the additional 2 level reduction under the Safety Valve, Booker's total offense level should be a 6. This produces a guideline range of 0-6 months imprisonment.[2]

## IV. CRIMINAL HISTORY

The United States agrees with the USPO's calculation of Booker's criminal history score as 0 which results in a criminal history category I as cited in the final PSR. (PSR, DN 28 at ¶45). It should be noted that Booker is charged by information in the Western District of Pennsylvania for health care fraud. Sentencing in that case is set for February 10, 2022. (PSR, DN 28 at 47).

## V. SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. Specifically, § 3553(a) directs the courts to consider the following:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> **(B)** to afford adequate deterrence to criminal conduct;
>> **(C)** to protect the public from further crimes of the defendant; and
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;

---

[2] It should be noted that the additional reduction under the Safety Valve provision does not affect the resulting guideline range.

    **(4)** the kinds of sentence and the sentencing range established for--
        **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
        …
    **(5)** any pertinent policy statement—
        …
    **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    **(7)** the need to provide restitution to any victims of the offense.

It is the position of the United States that its requested sentence of probation for a term as decided by the Court in its discretion, imposition of a fine, and payment of restitution accomplishes the sentencing purposes of § 3553(a). As discussed below, the § 3553(a) factors support the United States' position.

### 1. Nature and Circumstances of the Offense/History and Characteristics of the Defendant.

The seriousness of Booker's crime should not be ignored. As outlined above and in the PSR, Booker prescribed Schedule IV controlled substances to her patients without a valid medical purpose and outside the usual course of professional medical practice. (PSR, DN 28 at ¶¶ 12-14). Booker's conduct resulted in a dangerous situation in which patients received prescriptions for controlled substances without adequate oversight from their physician. At the same time, according to the PSR Booker has no juvenile or adult convictions. (PSR, DN 28 at ¶45).

### 2. Need for the Sentence Imposed.

A sentence of probation- one that is at the low end of the Sentencing Guidelines - for Booker's felony conviction in this case recognizes the severity of the crime as it applies to Booker's conduct in this case. This sentence further recognizes the impact that such crimes have on the community at large and will serve as a deterrent to others who consider committing similar types of crimes.

### 3. Kinds of Sentences Available.

Since the applicable guideline range is in Zone A of the sentencing table, a sentence of

imprisonment is not required. (PSR, DN 28 at ¶ 69). Additionally, since the offense is a Class D felony, Booker is eligible for not less than one nor more than five years' probation with one of the choices for a required condition being imposition of a fine or restitution unless extraordinary circumstances exist. (*Id*. at ¶ 73). The requested sentence of probation, payment of a fine and restitution fit squarely within the guideline requirements and furthermore, it strikes the appropriate balance of punishing Booker for her serious crimes and indicates the seriousness with which such crimes are viewed.

### 4. Avoidance of Sentencing Disparities.

A probationary sentence in this case avoids disparities with others who may be similarly situated. The recommended probationary sentence for Booker, coupled with payment of a fine, significant restitution, and relinquishment of her medical license recognizes the seriousness of her crime and her specific role in that crime, accounts for her lack of criminal history, and avoids unwanted disparities among other defendants who are guilty of similar crimes.

## VI. RESTITUTION

Restitution is mandatory in this case under 18 U.S.C. § 3663A. (PSR, DN 28 at ¶ 80). The parties agreed and stipulated that Booker shall pay restitution in the amount of restitution to Kentucky Medicaid in the amount of $1,499,600. This restitution is related to allegations of health care fraud against Booker as charged in the original Information, in particular, upcoding relating to 99214 office visits for the relevant time period, 2015 and 2017. (*Id*. at ¶ 15).

In the alternative, the Court may order it as discretionary restitution under 18 U.S.C. § 3663(a)(3).

An agreed order of restitution will be tendered to the Court at sentencing.

## VII. CONCLUSION

For the reasons set forth above, the United States respectfully requests the Court to apply the Sentencing Guidelines, follow the statutory directives set out in Title 18, United States Code, Section 3553(a), and impose a sentence of probation for a term determined by the Court – which is a sentence at the lowest end applicable Guideline range.  In addition, the United States requests that the Court order a fine at the lowest end of the applicable Guideline range or $2,000 in this case.  Finally, the United States requests that Booker be ordered to pay restitution in the amount of $1,499,600 as set forth in the agreed order of restitution tendered to the Court.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

Christopher C. Tieke
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911
Christopher.tieke@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Scott Cox, Esq.**, counsel for defendant.

Christopher C. Tieke
Assistant U.S. Attorney

6